UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SHUFENG ZHOU, | } |
| Plaintiff, | } |
| v. | } Case No.: 8:16-cv-03104-RDP-UAM |
| JUDY GENSHAFT, et al., | } |
| Defendants. | } |

## MEMORANDUM OPINION

Plaintiff initiated this action on November 3, 2016. (Doc. 1). Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within ninety days of filing the complaint. Plaintiff failed to do so. Nonetheless, on February 3, 2017, the court allowed Plaintiff until March 3, 2017, to move for an extension of time to serve the Defendants. (Doc. 8). In response to the court's February 3 Order, Plaintiff explained why he did not serve Defendants within the time allowed under Rule 4, and asked for more time to do so. (Doc. 10). On February 14, 2017, the court allowed Plaintiff until March 31, 2017, to effect service on Defendants. (Doc. 17).

Because no evidence of service on Defendants had been filed with the court, on April 6, 2017, the court ordered Plaintiff, on or before April 28, 2017, to show cause why this case should not be dismissed for his failure to serve defendants within the *extended* time allowed to effect service. (Doc. 18). In its April 6, 2017 Order, the court specifically warned that "**FAILURE TO SHOW GOOD CAUSE MAY RESULT IN DISMISSAL OF**

**PLAINTIFF'S CLAIMS FOR FAILURE TO PROSECUTE**." (Doc. 18 at 2) (emphasis in original).

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Service of process in the federal courts is generally governed by Rule 4 of the Federal Rules of Civil Procedure, which provides, in relevant part:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(c)(1). In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides the time limit for effecting service:

> If a defendant is not served within 90 days after the complaint is filed, the court– on motion or its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The person effecting service is then required to file proof of service with the court.[1] Fed. R. Civ. P. 4(l)(1). Rule 4(l)(1) provides that "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be made by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

As of the date of this order, Plaintiff has had 180 days, or twice as long as the time allowed under Rule 4, to serve defendants. However, there is still no proof of service on any defendant, nor has there been a showing of good cause for the failure to effect service. Plaintiff

---

[1] Plaintiff's response to the show cause order indicates, among other things, that he ensures that he "sent an official summon together with the complaint to each defendant via hand delivery on February 9, 2017." (Doc. 19). To the extent plaintiff is explaining that he personally served the summons and complaint on each defendant via hand delivery, that would be facial evidence of improper service. A party to an action may not serve a summons and complaint. Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint.").

has failed to (1) effect service under Rule 4(m), (2) comply with this court's orders, and (3) otherwise prosecute the case. Rule 41(b) "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–631 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Coleman v. St. Lucie County Jail*, 433 Fed.App'x. 716, 718 (11th Cir. 2011) ("The district court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3D 1333, 1337 (11th Cir. 2005) ("The Supreme Court also has held that'[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs. Although the plain language of Rule 41(b) suggests that a court may act pursuant to that Rule only when dismissing upon the motion of the defendant, and acts only on its inherent authority when dismissing *sua sponte*, many of our decisions elide this neat distinction." (internal citation omitted)); *Brown v. Tallahassee Police Dept.*, 205 Fed.App'x. 802, (11th Cir. 2006) ("The district court's 'power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits.' The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citations omitted)); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[ ] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Finally, the court is fully aware that Plaintiff is unrepresented, and is sympathetic to the fact that he does not have the benefit of counsel. In fact, Plaintiff has been allowed additional

time to comply with the court's orders and effect service in this case. While sympathetic, the court concludes that Plaintiff has had ample opportunity to comply with Rule 4(m) but failed to do so.

This case is due to be dismissed without prejudice. A separate order will be entered.

**DONE** and **ORDERED** this May 3, 2017.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE